IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ENCLAVE ADVISORS, LLC § | | |
|    *Plaintiff* § | | |
| § | | |
| v. § | | Case No. 1:25-cv-1314 |
| § | | |
| LE ETA, LLC, MARC HODULICH, AND § | | |
| JAKE KNIGHT § | | |
|    *Defendants* § | | |

### PLAINTIFF ENCLAVE ADVISORS, LLC'S ORIGINAL COMPLAINT

Plaintiff Enclave Advisors, LLC ("Plaintiff") for its Original Complaint against Le Eta, LLC, Marc Hodulich, and Jake Knight (together, "Defendants"), states as follows:

### Nature of the Action

1. This is an action for trademark infringement under the Lanham Act (15 U.S.C. §§ 1114 and 1125), as well as trademark infringement and unfair competition under Texas common law.

### The Parties

2. Plaintiff is a Texas limited liability company with its principal place of business at 3600 N. Capital of Texas Hwy., Bldg. B. Suite 180, Austin, TX 78746. Plaintiff is the owner of the trademarks "ENCLAVE ADVISORS," "ENCLAVE," and the ENCLAVE ADVISORS Logo, including a custom design, as depicted on Exhibit A for use in connection with investment advisory services, wealth management services, investment consultancy, financial asset management, and estate trust planning. (collectively, the "ENCLAVE Marks"). Additionally, Plaintiff has registered the mark "ENCLAVE ADVISORS" on the Principal Register of the United States. Patent and Trademark Office for "investment advisory services; wealth management services; investment management services; investment consultancy, financial asset management; estate trust planning" (the "Enclave Services"). See Exhibit B. The ENCLAVE ADVISORS Mark has now achieved

1

"incontestability status."

3.      Since 2012, Plaintiff has been using the ENCLAVE Marks continuously throughout the United States in connection with the Enclave Services.

4.      Defendant Le Eta, LLC ("Le Eta") is a Delaware limited liability company with a principal place of business at 815 Highcourt Road, Atlanta, GA 30327. Le Eta may be served with a summons and this Complaint through its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, or wherever it may be found.

5.      Defendant Marc Hodulich ("Hodulich") is a natural person who, on information and belief, may be served with a summons and this Complaint at 815 Highcourt Road, Atlanta, GA 30327, or wherever he may be found.

6.      Defendant Jake Knight ("Knight") is a natural person who, on information and belief, may be served with a summons and this Complaint at 7019 Villandry Circle, Truckee, CA 96161, or wherever he may be found.

7.      Plaintiff recently discovered that Le Eta has begun using the mark "ENCLAVE" in connection with investment advisory services—services that are in direct competition with the Enclave Services and target the precise same group of prospective consumers.

8.      Hodulich and Knight advertise themselves as co-founders of Le Eta's infringing business and specifically advertise themselves as the co-founders of "Enclave," which they are not. Knight also markets himself on his own website as providing investment advisory services.

**Jurisdiction & Venue**

9.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This case primarily involves a federal question. But, on information and belief,

complete diversity of citizenship exists, and the amount in controversy exceeds $75,000. Moreover, the Court should exercise supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to Plaintiff's Lanham Act claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the activities giving rise to the claims alleged herein have occurred in this district.

11. This Court has personal jurisdiction over the Defendants because they have purposefully targeted residents of this State with their infringing activities, have substantial contacts with this State, have conducted business in this State, and have caused harm to the Plaintiff, which is domiciled in this State.

12. To be sure, as reflected below, Defendants have recently conducted a "retreat" in Austin, Texas in which they repeatedly used marks confusingly similar to the ENCLAVE Marks in connection with services in direct competition with the Enclave services, and targeting likely consumers of the Enclave services; and Defendants are now marketing a return to Austin for another similar event.

**General Allegations**

13. Plaintiff is a well-known and highly recognized investment advisory firm founded on August 10, 2012, in Austin, Texas with offices in Austin and Atlanta, Georgia. Plaintiff has been registered with the Securities and Exchange Commission as a registered investment advisor since August 29, 2012. For thirteen years, Plaintiff has provided the Enclave Services to high net worth clients, including multi-generational families in Texas, Georgia, and throughout the United States. Plaintiff has been recognized numerous times by national financial publications as a leading firm in the investment advisory industry. Plaintiff owns the exclusive right to use the ENCLAVE Marks

3

in connection with investment advisory services, wealth management, investment consultancy, financial asset management, estate and trust planning, and related financial services. These exclusive rights encompass services that fall within the natural zone of expansion of its business, and include services such as workshops, retreats, podcasts, coaching, etc. within the investment advisory industry.

14. Plaintiff has invested significant time and resources in building its reputation in the marketplace, and its extensive use and advertising of the ENCLAVE Marks has generated substantial goodwill with consumers. The ENCLAVE Marks have become synonymous with the high quality of services provided by Plaintiff.

15. Defendants are infringing on Plaintiff's intellectual property rights, have copied and used in commerce a confusingly similar facsimile of the Enclave Advisors Logo, and are falsely marketing themselves as being the founders of Plaintiff. They are doing so while offering services in direct competition with Plaintiff, targeting the same markets Plaintiff operates in and by specifically targeting cities where Plaintiff maintains offices. It is evident that this conduct is intentional and is designed to create confusion in the marketplace to enable Defendants to compete with Plaintiff.

16. More specifically, Defendants are using the mark ENCLAVE (the "Infringing Mark") in numerous ways, including websites, social media, seminars and other marketing strategies, including a podcast called THE ENCLAVE PODCAST, which streams on multiple platforms. Defendants are utilizing the Infringing Mark to market themselves and their related business to persons with generational wealth and other high net worth individuals. This is the same group of consumers to which Plaintiff has been providing its services for thirteen years.

17. It is evident that Defendants are not only intentionally infringing on Plaintiff's intellectual

property rights, but they are also doing so in a way that is intentionally designed to compete with Plaintiff and create confusion within the marketplace by, among other things claiming to have been started in Austin, Texas and by claiming to be the founders of Plaintiff, both of which are false.

18.     The latest episode of the above-referenced podcast claims Defendants are "head[ing] back to Austin, Texas," where Defendants purportedly "began" their infringing venture. It is no coincidence that Austin is Plaintiff's original founding location where it has operated continuously since 2012. A screenshot and a link to the infringing Spotify page displaying the Infringing Mark is below:



https://open.spotify.com/show/1eWVRPIilrgCOvXAskGElK

19.     In addition to falsely claiming to be the founders of Plaintiff, Defendants have also used in commerce a confusingly similar facsimile of the Enclave Advisors Logo, designed specifically for Plaintiff in 2012, and they are using that confusingly similar design in connection with their websites, including www.joinenclave.com and www.joinenclave.substack.com, their podcast, as well as on their LinkedIn pages (see below) and other marketing to further their efforts to compete against Plaintiff, create confusion in the industry, and in an attempt to draw an association between

their businesses and Plaintiff.

20. Defendants, directly and through related entities discovered by Plaintiff, are using a virtually identical mark for identical, overlapping, and closely related services to target the same customer base in the exact same markets as Plaintiff. In addition, to Knight marketing himself as an investment advisor, Defendant's joinenclave.com advisory board includes multiple investment advisory professionals, some of whom have offices in Austin and Atlanta which directly compete with Plaintiff.

21. Plaintiff has no doubt Defendants' actions were intentional and designed in bad faith to trade off the goodwill Plaintiff has built in its intellectual property over the past thirteen years, and to willfully and intentionally mislead consumers into thinking there is some association with Plaintiff and its business, when there is not. These actions constitute willful trademark infringement, unfair competition, and false association, among other things, in violation of the Lanham Act and state law.

22. Plaintiff has also discovered that Le Eta has filed a Trademark Application with the USPTO seeking to register the Infringing Mark. Hodulich signed the PTO application, making the false declaration that no one else had the right to use the identical mark or a confusingly similar mark. Further, on information and belief, Plaintiff believes the description of services under which the infringing mark was used in Le Eta's application, which referenced education, was specifically crafted to mislead the PTO regarding Defendants' true intentions, which are to compete against Plaintiff, create confusion in the marketplace designed to benefit them, and ultimately benefit from generating financial gain related directly or indirectly to investment advisory and consulting services.

23. Defendants are infringing, and have infringed, Plaintiff's trademark rights in the

ENCLAVE Marks by using "ENCLAVE" in connection with the provision of directly competitive services in the marketplace, and by using a design mark that is confusingly similar to the ENCLAVE ADVISORS Logo.

24. Upon information and belief, Defendants' appropriation and use of the word "ENCLAVE" in connection directly competitive services as offered by Plaintiff, and Defendants' appropriation of a design mark confusingly similar to the ENCLAVE ADVISORS Logo, is intended to trade upon the goodwill and substantial consumer recognition associated with Plaintiff's ENCLAVE Marks.

25. Upon information and belief, Defendants' use of the word "ENCLAVE" and the design mark confusingly similar to the ENCLAVE ADVISORS Logo, in connection with Defendants' investment advisory services, is reasonably likely to cause consumer confusion and create an association with Plaintiff's ENCLAVE Marks.

26. Upon information and belief, Defendants' use of the word "ENCLAVE" a design mark confusingly similar to the ENCLAVE ADVISORS Logo is intended to cause (or is recklessly allowed to cause) confusion, mistake or deception in regards to Plaintiff and Plaintiff's ENCLAVE Marks.

27. Upon information and belief, Defendants' use of the word "ENCLAVE" a design mark confusingly similar to the ENCLAVE ADVISORS Logo, for Defendants' investment advisory services, is reasonably likely to cause consumers and potential customers to believe that Defendants' investment advisory services are associated with Plaintiff when, in fact, they are not.

28. Defendants' acts outlined herein have caused, and/or are likely to cause, Plaintiff to suffer injury to its business. Plaintiff will suffer a substantial loss of goodwill and reputation unless and

until Defendants are permanently enjoined from continuing to commit the wrongful actions outlined herein.

## Count One
### (Federal Trademark Infringement)
### (15 U.S.C. § 1114)

29. Plaintiff re-alleges and incorporates by reference all allegations in this Complaint as though fully set forth herein.

30. This is an action for trademark infringement arising under 15 U.S.C. § 1114.

31. Plaintiff maintains an incontestable registration of the Registration for the word mark "ENCLAVE ADVISORS" on the Principal Register of the USPTO, and has continuously used this mark in interstate commerce since 2012 in connection with the Enclave Services.

32. Defendants are using in commerce a copy or colorable imitation of the "ENCLAVE ADVISORS" Mark by selling, offering for sale, distributing, and/or advertising their investment advisory services using the term "ENCLAVE.". Defendants are offering their investment advisory services using "ENCLAVE" in the same channels of trade in which Plaintiff is offering its services using the "ENCLAVE ADVISORS" Mark.

33. Defendants' acts have caused, or are likely to cause, confusion, mistake, or deception, and it is likely that the public will mistakenly believe that Defendants' services offered in connection with the mark "ENCLAVE" or variants thereof have their source or origin with Plaintiff or are in some manner approved by, associated with, sponsored by or connected with Plaintiff, all in violation of 15 U.S.C. §§ 1114 et. seq.

34. Upon information and belief, Defendants' actions were undertaken willfully, and with the intent to confuse and deceive the public.

35. Upon information and belief, Defendants' acts have damaged Plaintiff's business,

reputation and goodwill and have interfered or may interfere with Plaintiff's use of the "ENCLAVE ADVISORS" Mark.

36. Pursuant to 15 U.S.C. § 1116, Defendants should be permanently enjoined from using the term "ENCLAVE," alone or combined with other elements, in connection with their services or variants thereof, or otherwise infringing on Plaintiff's "ENCLAVE ADVISORS" Mark.

37. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants the following:

   i. all profits received by Defendants from their use of the "ENCLAVE" name or variants thereof;

   ii. damages sustained by Plaintiff due to Defendants' use of the "ENCLAVE" name or variants thereof;

   iii. exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

   iv. all costs of this action, including attorneys' fees.

38. Pursuant to 15 U.S.C. § 1118, Plaintiff is also entitled to an order from this Court compelling Defendants to destroy all materials bearing the "ENCLAVE" Mark or variants thereof.

**Count Two**
**(Federal False Designation of Origin and Representation)**
**(15 U.S.C. § 1125(a))**

39. Plaintiff re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

40. This is an action for false designation of origin arising under 15 U.S.C. § 1125(a).

41. Plaintiff has common law rights to the ENCLAVE Marks through use by Plaintiff of the ENCLAVE Marks in connection with the sale and offering for sale of Plaintiff's services in commerce in the United States.

42. Plaintiff's common law trademark rights to the ENCLAVE Marks for its services extend backward in time to 2012.

43. Plaintiff began using the ENCLAVE ADVISORS Logo, including the custom font incorporated therein, in 2012. It has been used continuously on Plaintiff's promotional materials, including on Plaintiff's website, since that date. The ENCLAVE ADVISORS Logo is used throughout the United States, including in Texas and Georgia.

44. Defendants are using the word "ENCLAVE" in commerce on or in connection with their investment advisory services and in marketing and presentations that approximate the ENCLAVE ADVISORS Logo.

45. Defendants' use of the word "ENCLAVE" constitutes a false designation of origin when associated with Defendants' provision of investment advisory services.

46. Plaintiff did not authorize Defendants to use "ENCLAVE" or the stylization of the ENCLAVE ADVISORS Logo in connection with its investment advisory services or in the advertising of them. Accordingly, Defendants' use of the term "ENCLAVE" and the custom font and stylization of the ENCLAVE ADVISORS Logo to identify their services has created a false designation of origin that has caused or is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association between the Defendants' services and Plaintiff's services and commercial activities. All of those actions by Defendants violate 15 U.S.C. § 1125(a)(1)(A).

47. Defendants' conduct has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products and services offered under the ENCLAVE Marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

48. Upon information and belief, Defendants have infringed on the ENCLAVE Marks with the intent to do the following: compete against Plaintiff; trade on Plaintiff's reputation and goodwill by causing consumer confusion and mistake; and deceive the public into believing that Defendants' products are associated with, sponsored by, or approved by Plaintiff, when they are not.

49. Upon information and belief, Defendants have had actual knowledge of Plaintiff's ownership and prior use of the ENCLAVE Marks, and without Plaintiff's consent, Defendants have willfully violated 15 U.S.C. § 1125(a).

50. Defendants' aforementioned acts have injured Plaintiff in an amount to be determined at trial. Such injury will continue unless and until Defendants are permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

51. Pursuant to 15 U.S.C. § 1116, Defendants should be permanently enjoined from using the term "ENCLAVE" or variants thereof in connection with the provision of services in competition with Plaintiff in commerce, or otherwise infringing on Plaintiff's ENCLAVE Marks.

52. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants the following:

   i. Defendants' profits from using the word "ENCLAVE" and the ENCLAVE Marks in connection with investment advisory services or any variants thereof;

   ii. Plaintiff's actual damages, including but not limited to Plaintiff's added advertising costs necessitated by Defendants' use of the word "ENCLAVE" and the ENCLAVE Marks in connection with investment advisory services or any variants thereof;

   iii. exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

   iv. the costs of this action.

53. Furthermore, Plaintiff seeks an order from this Court under 15 U.S.C. § 1118 compelling Defendants to destroy all materials bearing the word "ENCLAVE" or the ENCLAVE Marks or any variants thereof.

### Count Three
### (Trademark Infringement under Texas Common Law)

54. Plaintiff re-alleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint, as though fully set forth herein.

55. This cause of action for infringement arises under the common law of the State of Texas.

56. Plaintiff and Defendants are engaged in the sale of services that target the consumer group

interested in investment advisory and investment services.

57.     Plaintiff has common law rights in Texas to the ENCLAVE Marks through Plaintiff's use of the ENCLAVE Marks in commerce in Texas.

58.     Plaintiff owns the ENCLAVE Marks, and it has used those marks in commerce in Texas since 2012.

59.     Defendants are using the "ENCLAVE" Marks in connection with the sale or offering for sale of investment advisory services to persons located in Texas.

60.     Plaintiff has not authorized Defendants to use the "ENCLAVE" Marks in connection with any of their services in Texas or elsewhere.

61.     Defendants' use of the ENCLAVE Marks and variants thereof in Texas is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendants' services, and Defendants' use infringes on Plaintiff's ENCLAVE Marks under the common law of the State of Texas. By their actions, Defendants have infringed Plaintiff's ENCLAVE Marks deliberately in Texas and with the intention of trading on the goodwill and reputation symbolized by Plaintiff's ENCLAVE Marks in Texas without Plaintiff's permission to do so.

62.     As a result of Defendants' aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in the ENCLAVE Marks in Texas. Plaintiff is entitled to recover an amount equivalent to the amount of profits that Defendants have derived and may continue to derive as a result of Defendants' unlawful misappropriation and infringement of Plaintiff's ENCLAVE Marks.

63.     Defendants' conduct as described above has been willful deliberate, and with intent to take business away from Plaintiff. Therefore, Plaintiff is also entitled to recover exemplary damages from Defendants in an amount sufficient to punish Defendants and deter them and others from engaging in similar wrongful conduct in the future.

64. Defendants should also be enjoined permanently from using the ENCLAVE Marks or variants thereof.

## Count Four
### (Unfair Competition under Texas Common Law)

65. Plaintiff re-alleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint as though fully set forth herein.

66. This is an action for common law unfair competition arising under the common law of the State of Texas.

67. Plaintiff and Defendants are engaged in the sale of services in Texas that target the consumer group interested in investment services.

68. Plaintiff has common law rights in Texas to the ENCLAVE Marks through the use of the ENCLAVE Marks in commerce in Texas.

69. Plaintiff owns the ENCLAVE Marks, which it has used in commerce in Texas since 2012.

70. Defendants are using the "ENCLAVE" Mark in Texas in connection with their provision of investment advisory services.

71. Plaintiff has not authorized Defendants to use the "ENCLAVE" Mark in connection with any of their services in Texas or elsewhere.

72. By virtue of the acts outlined herein, Defendants have intentionally caused a likelihood of confusion among the public in Texas and have unfairly competed with Plaintiff in violation of the common law of the State of Texas.

73. Defendants' willful acts of unfair competition have caused damage and injury to Plaintiff in an amount to be determined at trial.

74. Defendants' willful acts of unfair competition under Texas common law constitute fraud, oppression, and malice as those terms are defined under Texas law. Accordingly, Plaintiff is entitled to exemplary damages from Defendants.

## **PRAYER FOR RELIEF**

75. WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

   a. a judgment in favor of Plaintiff and against Defendants on all causes of action alleged herein;

   b. a judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114, et. seq.;

   c. a judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1125;

   d. an adjudication that Defendants have unfairly competed with Plaintiff under the common law of the State of Texas;

   e. an adjudication that Defendants have infringed Plaintiff's ENCLAVE Marks under the common law of the State of Texas;

   f. a permanent injunction pursuant to 15 U.S.C. § 1116, preventing Defendants from selling any product or service with the word "ENCLAVE" in connection with the provision of services in commerce in competition with Plaintiff;

   g. an order directing Defendants to file with this Court and serve upon Plaintiff within thirty (30) days after the service of the injunction, a written report, created under oath, that sets forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

   h. an order pursuant to 15 U.S.C. § 1118, impounding Defendants advertising materials using the "ENCLAVE" Mark or variants thereof, and any other infringing materials or products, and all articles by means of which such copies may be produced and a permanent order for destruction of same;

   i. an accounting for any and all profits derived from Defendants' infringement;

   j. Pursuant to 15 U.S.C. § 1117, an award to Plaintiff of the following:

      i. all profits received by Defendants from their use of the Enclave investment advisory services variants thereof;
      ii. damages sustained by Plaintiff due to Defendants' use of the ENCLAVE Marks or variants thereof;
      iii. treble damages;
      iv. exemplary damages; and
      v. all costs of this action.

k.      an award to Plaintiff of its full costs in litigating this matter, including reasonable attorneys' fees;

l.      an award to Plaintiff in the amount by which Defendants have been unjustly enriched; and

m.     an award to Plaintiff of any such other and/or further relief as the Court deems just and equitable under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury in this matter.

Respectfully Submitted,

By: _____
John R. Nelson
State Bar No. 00797144
Payne Keinarth
State Bar No. 24101412
pkeinarth@dickinson-wright.com
Dickinson Wright PLLC
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009

Scot L. Claus
(*pro hac vice forthcoming*)
AZ Bar No. 14999
DICKINSON WRIGHT PLLC
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004
(602)285-5000 (Telephone)
(844) 670-6009 (Facsimile)
sclaus@dickinsonwright.com

**ATTORNEYS FOR PLAINTIFF
ENCLAVE ADVISORS, LLC**

15